UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING, | No.  2:16-cv-0116 CKD P |
| Plaintiff, | |
| v. | ORDER |
| MEGAN EIXENBERGER, | |
| Defendants. | |

Plaintiff is a prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  He has consented to have all matters in this action before a United State Magistrate Judge. 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13      The court has conducted the required screening with respect to plaintiff's amended
14 complaint.  As with his original complaint, plaintiff's amended complaint concerns the actions of
15 the deputy district attorney who represented the State of California during criminal proceedings
16 which culminated in plaintiff accepting a plea agreement.  Plaintiff seeks damages.  As plaintiff
17 was informed with respect to his original complaint, a prisoner cannot proceed with a claim for
18 damages under 42 U.S.C. § 1983 which implies the invalidity of his criminal conviction.  Heck v.
19 Humphrey, 512 U.S. 477, 487 (1994).   Further, plaintiff's allegations of misconduct are vague
20 and would not otherwise amount to an actionable claim.  In light of the foregoing, plaintiff's
21 complaint fails to state a claim upon which relief can be granted and must be dismissed.  The
22 court will not grant leave to amend a second time as it appears that would be futile.
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's amended complaint is dismissed for failure to state a claim upon which

3  relief can be granted; and

4  2. This case is closed.

5  Dated:  March 22, 2016

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
hard0116.dis